UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JASON WILLIAMSON,

        Plaintiff,

   v.                                          CAUSE NO. 1:22-CV-376-DRL-SLC

DEETLE,

        Defendant.

OPINION AND ORDER

Jason Williamson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Williamson alleges that on September 29, 2022, at the Allen County Jail, he asked Officer Deetle to pass him the newspaper once the officer was finished passing out medication. Officer Deetle allegedly responded, "You can wait oreo." When Mr. Williamson asked Officer Deetle to repeat that because he had not heard him, Officer Deetle allegedly locked him down for 48 hours. Mr. Williamson felt hurt, bothered, and disrespected from Officer Deetle's racial remark and subsequent actions.

Because Mr. Williamson is a pretrial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Although Officer Deetle's alleged remark was unprofessional and even offensive, it does not rise to the level of a constitutional claim. "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Where verbal harassment is "fleeting" or "too limited to have an impact" the constitution is not implicated. *Id.*

Though Officer Deetle's words do not support a constitutional claim, his action in placing Mr. Williamson on lockdown does. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the

2

charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). However, not every placement of a pretrial detainee in segregation constitutes punishment, and when done for legitimate security reasons such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). But, here, Mr. Williamson has plausibly alleged that Officer Deetle placed him on lock down as a punishment, and not for a legitimate penological reason.

For these reasons, the court:

(1) GRANTS Jason Williamson leave to proceed against Officer Deetle in his individual capacity for compensatory and punitive damages for placing him on lockdown on September 29, 2022, for punishment and not for a penological purpose without due process in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Deetle at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Deetle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 4, 2023					*s/ Damon R. Leichty*
						Judge, United States District Court